**NOT FOR PUBLICATION**                                                                                   **CLOSED**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LIFE EDUCATION COUNSEL, INC., JOHN MULHOLLAND and BETTY LAROSA,<br><br>                    Plaintiffs,<br><br>v.<br><br>CBS OUTDOOR, INC. and WALLY C. KELLY,<br><br>                    Defendants. | Civil Action No.: 11-01835 (JLL)<br><br>**OPINION** |

**LINARES**, District Judge.

   This matter comes before the Court by way of Defendants', CBS Outdoor, Inc. and Wally Kelly (collectively "CBS"), motion to dismiss the claims of Plaintiffs Life Education Counsel, Inc., John Mulholland and Betty LaRosa (collectively "LEC") pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the submissions made in support of and in opposition to the instant motion. No oral argument was heard. Fed. R. Civ. P. 78. Based on the reasons that follow, Defendants' motion to dismiss is **granted.**

## BACKGROUND

   Plaintiff LEC brings this suit against Defendant CBS for alleged violations of the First and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 (Compl. ¶ 1). LEC

is an organization whose "specific objective is to educate the public about the right to life, to offer alternatives to abortion and to promote the heath and well-being of men, women and the unborn" (Compl. ¶ 6). Defendant CBS Outdoor is a private corporation that sells outdoor advertising.

LEC promotes its objectives by "purchasing advertising space on billboards located mostly in the Northern New Jersey and New York City areas to express itself on various public issues, mainly a pro-life message that life begins at conception." (Compl. ¶ 8). In October 2010, LEC and CBS entered into an agreement to place LEC advertisements on two CBS billboards in New Jersey, on Route 1 South in Linden and Route 22 in Hillside. CBS reserved final content approval in the Advertising Agreement (Pl. Ex. 4).

Upon receiving the content of the proposed advertisement, CBS informed LEC that they would have to make certain changes because of the "issue oriented" nature of the message (Compl. ¶ 20). For example, CBS suggested toning down the content from "Abortion Kills Babies" to something like "Life Education Counsel Can Help" (Compl. ¶ 20). LEC offered the following changes: replace "Abortion Kills Babies" with "Abortion Stops a Beating Heart," and replace "We Can Help" with "Pregnant?? Call 1 800-848-LOVE" (Compl. ¶ 22). CBS deemed the changes insufficient and also required that a photo of a baby be removed, stating that abortion is a "potentially emotional topic that might be unduly disturbing to young women who may have made the kinds of choices that the displays deal with. Therefore, the accepted copy cannot include images which might be deemed shocking, unsettling or even manipulative" (Compl. ¶ 23). Plaintiff refused to dilute the message and now claims that CBS impermissibly suppressed their viewpoint in violation of the First and Fourteenth Amendments of the Federal Constitution and seeks relief pursuant to 42 U.S.C. § 1983.

**LEGAL STANDARD**

For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, a court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Further, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)).

**DISCUSSION**

As discussed above, bald legal assertions without factual enhancement sufficient to raise a right to relief beyond a speculative level do not meet the requisite pleading standard. LEC states in its Complaint that CBS acted under color of state law to object to the content provided in its proposed advertisements and violate its rights to free speech and equal protection. However, LEC does not allege sufficient facts indicative of how CBS acted under color of state law or that establish a plausible right to relief.

**1. First Amendment Claims**

The First Amendment and its constitutional free speech guarantees restrict government actors, not private entities. Pub. Util. Comm. Of D.C. v. Pollack, 343 U.S. 451, 461, 72 S.Ct. 813, 96 L.Ed. 1068 (1952) ("The [First Amendment] concededly appl[ies] to and restrict[s] only the Federal Government and not private persons"); Green v. America Online, 318 F.3d 465 (3d Cir. 2003) (private, for profit companies are not subject to constitutional free speech guarantees). "The First Amendment is not ordinarily implicated when private actors design . . . restrictions on expression; indeed, in many instances the first amendment has been held to guarantee private actors the right to make such restrictions." R.C. Maxwell Co. v. Borough of New Hope, 735 F.2d 85 (3d Cir. 1984) (discussing landowner's right to remove commercial billboards from privately owned land). As discussed below, CBS is not a government actor. Rather, it is a private, for profit company and, as such, First Amendment prohibitions do not apply to CBS.

**A. Public Forum**

Plaintiff states that Defendants restricted LEC's right to "engage in protected speech in a public forum created by Defendants . . ." (Compl. ¶ 1). "[I]t has often been held that *publicly owned* streets, sidewalks, and parks are so historically associated with the exercise of First Amendment rights that access to them for purposes of exercising such rights cannot be denied absolutely." Lloyd Corp v. Tanner, 407 U.S. 551, 559, 92 S.Ct. 2210 (1972) (citations omitted) (emphasis added). In general, inviting the public to use property for a designated purpose does not alter its private character. Id. at 569. The Court recognizes that in certain limited circumstances private property may be treated as a public forum, but such exceptions to the general rule are confined to extremely

narrow facts.  Marsh v. State of Alabama, 326 U.S. 501, 66 S.Ct. 276 276 (1946) (business district of an entirely privately owned town treated as a public forum); Amalgamated Food Employees Union Local 590 v. Logan Valley Plaza, 391 U.S. 308, 88 S.Ct. 1601 (1968) (picketing permitted in shopping mall where purpose of picketing was directly related to the use of the private property located in a private enclave with no reasonable opportunity to convey the message to intended audience otherwise available).

The property at issue here is a privately owned billboard and Defendant sells advertising subject to editorial approval (Compl. at ¶¶ 18-19; Pl. Exs. 4, 6).  Plaintiff does not allege any facts to demonstrate that it is plausible that Defendant's billboards are public forums or should be treated as such.

**2.  Equal Protection**

In order to state a Section 1983 equal protection claim, a plaintiff must demonstrate that he or she received disparate treatment from other similarly situated individuals.  Shuman ex rel. Shertzer v. Penn Manor School Dist., 422 F.3d 141, 151 (3d Cir. 2005).  The equal protection clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." Id.  The relevant part of the Complaint states that "Defendants have unconstitutionally deprived Plaintiffs of the equal protection of the law guaranteed under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, in that Defendants, through their acts, policies, practices, procedures, and/or customs, including their Free Speech Restriction, prevented Plaintiffs from expressing a message based on its content and viewpoint, thereby denying the use of a public forum to those whose views Defendants find unacceptable" (Compl. at ¶ 33).  Plaintiffs do

not plead more than a bald legal conclusion that they were denied equal protection. In any event, as discussed below, CBS is a private party and is thus not required to afford Constitutional guarantees.

**3. Section 1983**

Section 1983, while not a source of substantive rights, serves as a means of redress for violations of federal rights under color of state law. Curley v. Klem, 298 F.3d 271, 277 (3d Cir. 2002).[1] "[A] plaintiff seeking to hold an individual liable under §1983 must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). A private party may be considered a state actor where there is a sufficient nexus between the state and the challenged action. Id.

For purposes of Section 1983 liability, a private party will be treated as a state actor if any of the following tests are met: (1) "the private entity . . . exercised powers that are traditionally the exclusive prerogative of the state"; (2) "the private party . . . acted with the help of or in concert with state officials"; or (3) "the state has so far insinuated itself in a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." Id. LEC argues that CBS is a state actor because it exercised powers which are traditionally the exclusive prerogative of the state. Specifically, LEC argues that CBS provides a "public service" by allowing "public service announcement" advertising on billboards, which transformed CBS from a private for profit company into a state actor. Providing public service announcements, however, is not an exclusive government function. Additionally, performing a function that serves the public is not by

---

[1] Where a plaintiff alleges deprivation of rights under the due process clause of the Fourteenth Amendment, the under-color-of-state-law element converges with Fourteenth Amendment's state action requirement. American Mfrs. Mut. Ins. Co. V. Sullivan, 526 U.S. 40, 50, 119 S. Ct. 997 (1999).

itself enough to make a private entity a state actor. Groman v. Township of Manalapan, 47 F.3d 628 (3d Cir. 1995). Thus, these facts alone do not state a plausible claim to relief under Section 1983.

### 4.  State Constitutional Claims

As discussed above, Plaintiff's complaint only raises federal claims. Indeed, the first paragraph of the Complaint states that this "is a civil rights action brought under the First and Fourteenth Amendments to the United States' [*sic*] Constitution and 42 U.S.C. § 1983, challenging Defendants' restriction on Plaintiffs' right to engage in protected speech . . . ." Plaintiff argues in its opposition to Defendant's motion to dismiss that "Defendants' have also ignored the impact that the New Jersey Supreme Court and its interpretation of the New Jersey [C]onstitution have on the present matter," and sites New Jersey state law in support of its arguments. The Court recognizes that the New Jersey Constitution may afford greater protections under these circumstances, but emphasizes that state law does not apply to Plaintiffs claims brought under the federal Constitution or 42 U.S.C. § 1983. Thus, Plaintiff is unable to state a claim in federal court on these grounds.

### CONCLUSION

Plaintiff does not allege facts sufficient to state a claim upon which relief may be granted. Therefore, Defendant's motion to dismiss under Federal Civil Rule 12(b)(6) is GRANTED. Accordingly, the Court's dismisses all claims asserted against Defendant CBS with prejudice and directs the Clerk's Office to close the Court's file in this matter.

An appropriate Order accompanies this Opinion.

                                            /s/ Jose L. Linares

DATE: September 2, 2011                     JOSE L. LINARES,
                                                  UNITED STATES DISTRICT JUDGE